[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
From the evidence presented at the trial of this action for dissolution of marriage, the Court finds the facts and enters the orders set out in this Memorandum of Decision. Lisa-Beth Galvin and William L. Conners were married in New Haven, Connecticut on September 12, 1998. There are no children issue of the marriage.
Lisa Conners is now 36 years of age and is employed as a sales trainee with the Smurfit Stone Container Corporation. William Conners is 35 years of age and is employed as a network engineer of the Wang Global corporation. Both are in good health. Lisa Conners has a base annual salary of about $46,000. William Conner's base annual salary is approximately $54,400.
The parties lived together in a duplex house at 814 Edgewood Avenue in New Haven which they purchased prior to their marriage. They occupied one apartment on one side of the duplex while renting out the apartment on the other side for $750.00 per month. William Conners made the down payment and paid the closing costs associated with the purchase of the duplex. Lisa Conners' mother, the real estate agent at the closing, later rebated her commission to the parties as a wedding gift. The equity in the house is $10,000.
Shortly after their marriage Lisa and William Conners engaged in tempestuous arguments. They sought counseling in an effort to resolve their disputes and tensions. Their efforts were not successful. The intensity and constancy of their discord resulted in the breakdown of their marriage. They cohabited as husband and wife from September 12, 1998 until sometime in May of 1999 — a period of only eight months. William Conners left the marital premises and moved into his parents' home after his wife refused CT Page 680 to have children with him. He attributes her refusal to have children as the cause of the breakdown of the marriage. Lisa Conners states that her refusal was based upon her position that bringing children into the tumult of their relationship would not be in their best interest. Lisa Conners remains in their duplex apartment.
The parties accumulated some individual debts prior to their marriage, including credit card financing for furnishings of their apartment. Lisa and William Conners have acquired personal assets, including deferred compensation plans, and bank accounts.
William Conners individually purchased real estate prior to the marriage; namely, a house at 71 Mowry Street, North Haven, Connecticut. The parties' assets and debts either are listed on their financial affidavits or were elicited in testimony during the trial. Each party made an equitable financial contribution to the marriage while they lived together.
The Court has reviewed the statutory criteria prerequisite to the entering of orders dissolving the marriage and allocating the parties' assets and indebtedness.
A. Dissolution of the Marriage
Inasmuch as the marriage has broken down irretrievably, the marriage should be and is dissolved. Each party is therefore declared as single and unmarried.
B. Allocation of Assets and Liabilities
William and Lisa Conners have agreed to a division of assets and liabilities, with the exception of the following items: the indebtedness on the Visa Card issued by People's Bank; the indebtedness on the USAA Credit Card; the Home Equity Line to First Union Bank; furnishings, including washer-dryer, at their duplex apartment; an engagement ring; the disposition of a leased Jeep Grand Cherokee automobile; the equity in the duplex; and the conditions, if any, which should attend Lisa Conners' occupancy of the duplex apartment.
1. The Visa Credit Card at People's Bank
The debt on the Visa Card is listed as $9,750. The parties have stipulated that there was approximately $7,000 of debt on the CT Page 681 Visa Card at the time of their separation, and that Lisa Conners added $1,500 of debt to it ($500 from purchases at Filene's Department Store, and about $1,000 from an ATT card). Lisa Conners has agreed to pay the $1,500 which she added to the card. The parties have stipulated further that each of them will be responsible for one-half of the $7,000 debt existing at the time of their separation, and that the court will determine which party(ies) will be responsible for the balance.
Order: plaintiff Lisa-Beth Conners shall pay the $1,500.00 amount which she offered to pay, and each party shall pay one-half of the outstanding balance due as of the date of the judgment in this case
2. The USAA Credit Card
 Order: Defendant William Conners solely shall be responsible for the indebtedness on the USAA Credit Card.
3. The Home Equity Line at First Union Bank
 Order: Defendant William Conners solely shall be responsible for the home equity credit line at First Union Bank.
4. Ownership Interest in 814 Edgewood Avenue, New Haven,Connecticut
 Order: Within 30 days Lisa Conners shall transfer her interest in the property known as 814 Edgewood Avenue in New Haven, Connecticut (referred to in Exhibit B — the settlementstatement — as 812 Edgewood Avenue) without consideration from William L. Conners, Jr., who, vis a vis the parties, shall have sole legal and equitable interest in said premises. William Conners shall hold her harmless with respect to any mortgage, tax, owner's insurance and any other owner-related obligations related thereto.
5. Occupancy of the Duplex Apartment
 Order: Plaintiff Lisa Conners hereby is granted the right to continue to occupy the apartment unit at 814 Edgewood Avenue, New Haven, Connecticut, until August 31, 2001. The right to occupancy shall be memorialized in a lease which shall include a provision requiring the plaintiff to pay a monthly rental of $750.00, and a security deposit of $750.00. The lease shall contain an CT Page 682 additional provision allowing the plaintiff to vacate the premises upon giving a thirty (30)-day notice. The plaintiffs obligation to pay rent shall commence on February 1, 2000. The parties' rights and obligations respecting their leasehold interest in this matter shall be governed by the law of landlord and tenant.
6. Furnishings at the Apartment
 Order: Plaintiff Lisa Conners shall have possession and ownership of all personal property and furnishings in the apartment at 814 Edgewood Avenue, with the exception of the clothes washer and dryer. Defendant William Conners shall have sole ownership of the clothes washer and dryer, however, plaintiff Lisa Conners shall have use of the clothes washer and dryer during her tenancy.
7. Disposition of the Jeep Automobile, and related Order
 Order: The parties shall arrange immediately for the termination of the lease for the Jeep automobile. Each party shall be responsible for the payment of one-half of any balance due as a result of the termination. Until the lease is terminated, each party shall be responsible for paying one-half of the monthly lease amount, except as to November and December of 1988 — the months for which defendant William Conners solely shall be responsible.
C. Further Orders
1. Property at 71 Mowry Street
 Defendant William Conners shall be the sole owner of the property at 71 Mowry Street in North Haven, Connecticut.
2. Engagement Ring
 Plaintiff Lisa Conners shall have sole ownership of the engagement ring.
3. Pensions/401 K Plans
Each party shall be the sole owner of her/his pension/401 K plan listed on his/her financial affidavit. CT Page 683
4. Nissan Ultima Automobile
Defendant William Collins shall have sole ownership and possession of the Nissan Ultima automobile listed on his financial affidavit.
5. Remaining Assets and Debts
Each party shall be the sole owner of all other assets listed on his/her financial affidavit. Each party shall be solely responsible for any other debts listed on her/his financial affidavit and shall hold the other harmless therefrom.
5. Counsel Fees
Each party shall be responsible for paying her/his counsel fees.
6. Maiden Name
The Court hereby restores to Lisa-Beth Conners her maiden name Galvin, by which she shall be known.
Clarance J. Jones, Judge